Russell Reid Abrutyn (P63968) – pro hac vice
Marshal E. Hyman & Associates
3250 W. Big Beaver, Suite 529
Troy, MI 48084
(248) 643-0642
Facsimile: (248) 643-0798
Rabrutyn@marshalhyman.com

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

A & T FINANCIAL SERVICES, INC. )
and JIANFENG CHEN,             ) No. 8:14-cv-00780
                               )
        Plaintiffs,            )
                               ) **PLAINTIFFS' MOTION FOR**
        v.                     ) **SUMMARY JUDGMENT**
                               )
RON ROSENBERG, et al.          ) Motion Hearing:
                               ) February 27, 2015, 2:30 p.m.
        Defendants.            )
                               ) Hon. Josephine L. Staton
_____    )

## PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

Plaintiffs A&T Financial and Jianfeng Chen move the Court for summary judgment pursuant to Fed. R. Civ. P. 56.  The grounds for this motion are more fully set forth in the attached supporting brief. Concurrence was sought but not obtained.

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on December 10, 2014.

Plaintiffs' Proposed Statement of Uncontroverted Facts and Conclusions of Law is attached to this motion.

Respectfully submitted this 19th day of December 2014.

*/s/ Russell Reid Abrutyn*
RUSSELL REID ABRUTYN (P63968)
Marshal E. Hyman & Associates
3250 W. Big Beaver, Suite 529
Troy, Michigan 48084
(248) 643-0642
rabrutyn@marshalhyman.com

Russell Reid Abrutyn (P63968) – pro hac vice
Marshal E. Hyman & Associates
3250 W. Big Beaver, Suite 529
Troy, MI 48084
(248) 643-0642
Facsimile: (248) 643-0798
Rabrutyn@marshalhyman.com

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| A & T FINANCIAL SERVICES, INC.<br>and JIANFENG CHEN, | ) <br> ) No. 8:14-cv-00780 <br> ) |
| Plaintiffs, | ) **MEMORANDUM OF LAW** <br> ) **IN SUPPORT OF** <br> ) **PLAINTIFFS' MOTION FOR** |
| v. | ) **SUMMARY JUDGMENT** <br> ) |
| RON ROSENBERG, et al. | ) Motion Hearing: <br> ) February 27, 2015, 2:30 p.m. |
| Defendants. | ) <br> ) Hon. Josephine L. Staton <br> ) |

*A & T Financial Svcs. v. USCIS*                1
Mem. of Law in Support
of Plaintiffs' Motion for Summary Judgment

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

## ISSUES PRESENTED

1.   The petitioning company submitted minutes from corporate board meetings, stock certificates, and tax returns to establish that the foreign company purchased a controlling interest in the petitioner. Was it arbitrary and capricious, contrary to established precedent, and contrary to the preponderance of the evidence for the agency to determine that A & T Financial Services lacked a qualifying relationship to the foreign company?

2.   The visa petition beneficiary founded and oversees a large Chinese development and construction company. This company purchased the petitioning company to expand its U.S. market. Was it arbitrary and capricious, contrary to established precedent, and contrary to the preponderance of the evidence for the agency to conclude that the beneficiary would not be primarily employed as a manager or executive in the U.S.?

3.   The petitioners' former counsel failed to submit evidence or a brief in support of the administrative appeal. Was it arbitrary and capricious, contrary to established precedent, and contrary to the preponderance of the evidence for the agency to deny a motion to reopen based on this ineffective assistance of counsel where the motion was supported by a bar complaint, an affidavit, and evidence?

*A & T Financial Svcs. v. USCIS*          2
Mem. of Law in Support
of Plaintiffs' Motion for Summary Judgment

# TABLE OF CONTENTS

Introduction ..................................................................................6

I. Factual and Procedural History ...............................................7

II. A & T Proved by a Preponderance of the Evidence
   that Mr. Chen Qualifies as a Multinational Manager
   or Executive ............................................................................9

   A. The Employment-Based Immigration Process ...........................10
   B. The Preponderance of the Evidence Standard Applies in
      Visa Petition Proceedings .......................................14
   C. Standard of Review ...............................................16
   D. Mr. Chen was Employed as a Manager or Executive
      Abroad for Yuanbang for at Least One Year in the
      Preceding Three ............................................17
   E. A &T Financial Services has a Qualifying
      Relationship with Yuanbang ........................................18
   F. Mr. Chen will Work as a Manager or Executive in the U.S. ........21

III. The AAO Abused its Discretion in Denying the
    Motion to Reopen ......................................................23

Conclusion ................................................................................25

*A & T Financial Svcs. v. USCIS*      3
Mem. of Law in Support
of Plaintiffs' Motion for Summary Judgment

# TABLE OF AUTHORITIES

## Cases

*Altamirano v. Gonzales*, 427 F.3d 586 (9th Cir. 2005) ........................17

*Annachamy v. Holder*, 733 F.3d 254 (9th Cir. 2013) ..........................17

*Chevron USA Inc. v. National Resources Defense Council*,
    467 U.S. 837 (1984) ...............................................17

*Concrete Pipe & Prods. of Cal. Inc. v. Constr. Laborers*
    *Pension Trust for So. Cal.*, 508 U.S. 602 (1993) ..............14-15, 21

*INS v. Cardoza-Fonseca*, 480 U.S. 421 (1987) ..........................15

*Matter of Chawathe*, 25 I&N Dec. 369 (AAO 2010) ......................15

*Matter of E-M-*, 20 I&N Dec. 77 (Comm'r 1989) ........................15, 21

*Matter of Guzman Gomez*, 24 I&N Dec. 824 (BIA 2009) ..................19

*Matter of Lozada*, 19 &N Dec. 637 (BIA 1988) .........................24

*Matter of Martinez*, 21 I&N Dec. 1035 (BIA 1997) .....................14

*Motor Vehicle Mfrs. Ass'n of the U.S. v. State Farm Mut.*
    *Auto. Ins. Co.*, 463 U.S. 29 (1983) .............................16-17

*Rojas-Garcia v. Ashcroft*, 339 F.3d 814 (9th Cir. 2003) ...............24

*SEC v. Chenery Corp.*, 332 U.S. 194 (1947) ...........................16

*Siddiqui v. Holder*, 670 F.3d 736 (7th Cir. 2012) ....................14

*Skidmore v. Swift & Co.*, 323 U.S. 134 (1944) ........................17

*United States v. Mead Corp.*, 533 U.S. 218 (2001) ....................17

## Statutes

5 U.S.C. § 706(2)(A) ..................................................16

5 U.S.C. § 706(2)(C) ..................................................16

5 U.S.C. § 706(2)(E) ..................................................16

8 U.S.C. § 1101(a)(44)(A) .............................................21

8 U.S.C. § 1101(a)(44)(B) .............................................21

8 U.S.C. § 1153(b)(1)(C) ...........................................10, 18

## Regulations

8 C.F.R. § 103.3(c) ..................................................17

*A & T Financial Svcs. v. USCIS*    4
Mem. of Law in Support
of Plaintiffs' Motion for Summary Judgment

8 C.F.R. § 103.10(b) .......................................................................... 17

8 C.F.R. § 204.5(j)(2) .................................................... 11-13, 19, 21

8 C.F.R. § 204.5(j)(3)(i)(A) ............................................................ 13

8 C.F.R. § 204.5(j)(3)(i)(C) ..................................................... 13, 18

8 C.F.R. § 204.5(j)(3)(i)(D) ........................................................... 14

8 C.F.R. § 204.5(j)(5) ............................................................. 14, 22

8 C.F.R. § 204.5(n)(2) ..................................................................... 14

## Other Authorities

Fed. R. Civ. Proc. 56(c) ................................................................... 7

Adjudicator's Field Manual ch. 22.2(i)(3)(A) ........................... 19

*A & T Financial Svcs. v. USCIS*          5
Mem. of Law in Support
of Plaintiffs' Motion for Summary Judgment

# INTRODUCTION

Founded in China in 1998 by Jianfeng Chen, Yuanbang is a successful development company highly regarded for its commercial and residential properties.[1] Its revenues have increased more than 400 percent since 2008. A & T Financial Services (A & T) was started in California in 2009 to provide concierge services to a growing population of wealthy Asian immigrants in the Los Angeles area. In 2010, Yuanbang purchased a controlling 80 percent stake in A & T in an effort to expand its business into the U.S. market. To manage its investment and grow its acquisition, Yuanbang sought to transfer Mr. Chen, who has over 30 years of experience as a manager and executive of multimillion dollar companies.

Despite a preponderance of the evidence to the contrary, defendant U.S. Citizenship and Immigration Services (USCIS) denied the I-140 immigrant visa petition filed by A & T on Mr. Chen's behalf because it did not believe that there was a qualifying relationship

---

[1] Up-to-date information about the Yuanbang can be found here: http://www.yuanbang.com/en/index.aspx (last visited December 19, 2014).

*A & T Financial Svcs. v. USCIS*
Mem. of Law in Support
of Plaintiffs' Motion for Summary Judgment

6

between A & T and Yuanbang and because it did not believe that Mr. Chen would work primarily in a managerial or executive capacity. The denial of this petition is contrary to the law, unreasonably departed from agency precedent and guidance, and constitutes an abuse of discretion. The Court should reverse the USCIS's decision and approve the visa petition.

The Plaintiffs are entitled to summary judgment because there is no genuine issue of material fact.  Fed. R. Civ. P. 56(c).  A & T has proven by a preponderance of the evidence that it has a qualifying relationship with Yuanbang and that Mr. Chen will work as a manager or executive.

## I.   Factual and Procedural History

A & T Financial Services, Inc., was incorporated in California on February 23, 2009. (Articles of Incorporation, AR[2] 109-110). On March 26, 2012, Yuanbang bought a controlling 80 percent interest in A & T. (Stock Certificate, AR 24; 2012 Tax Return Schedule K-1, AR 30).

---

[2] AR refers to the Administrative Record, Doc. No. 29.

*A & T Financial Svcs. v. USCIS*                7
Mem. of Law in Support
of Plaintiffs' Motion for Summary Judgment

On May 3, 2012, A & T filed an I-140 petition on Mr. Chen's behalf seeking to classify him as a multinational manager or executive. (I-140 Receipt, AR 204; I-140 petition, AR 206-211). The USCIS denied this petition on December 14, 2012. (I-140 denial, AR 85-88). The USCIS held that although A & T established its ownership, it did not demonstrate its relationship to the foreign company, that Mr. Chen was employed for at least one year in the preceding three years by the foreign company, that Mr. Chen was employed as a manager or executive abroad, or that he will be employed in this capacity in the U.S. (I-140 denial, AR 87).

A & T filed a timely appeal to the Administrative Appeals Office (AAO) on January 15, 2013. (Notice of Appeal, AR 82-83). The AAO denied the appeal on September 27, 2013. (AAO appeal decision, AR 73-81). Although the USCIS believed that some of the evidence that A & T provided in support of its I-140 petition was untimely, the AAO treated the evidence as timely. (AAO appeal decision, AR 75). The AAO also found that Mr. Chen was employed abroad as a manager or executive. (AAO appeal decision, AR 78). However, the AAO found that A & T did

*A & T Financial Svcs. v. USCIS*          8
Mem. of Law in Support
of Plaintiffs' Motion for Summary Judgment

not establish its relationship to the foreign company or that Mr. Chen would work as a manager or executive in the U.S. (AAO appeal decision, AR 77-81).

A & T filed a timely motion to reopen and reconsider with the AAO. (Motion, AR 7-71). The AAO denied the motion on December 9, 2013. (AAO motion denial, AR 1-6). The AAO found that A & T did not make a valid claim of ineffective assistance of counsel against its former counsel, so it declined to reopen the proceedings. (AAO motion denial, AR 4). The AAO also declined to reconsider the denial. (AAO motion denial, AR 4-6).

A & T and Mr. Chen filed this timely complaint under the Administrative Procedure Act ("APA").

## II. <u>A & T Proved by a Preponderance of the Evidence that Mr. Chen Qualifies as a Multinational Manager or Executive</u>

A & T has satisfied the statutory requirements for sponsoring Mr. Chen in the multinational manager or executive immigrant visa classification.

The USCIS's decision concluding that A & T lacked a qualifying relationship with its majority owner, Yuanbang, and that Mr. Chen, the

*A & T Financial Svcs. v. USCIS*          9
Mem. of Law in Support
of Plaintiffs' Motion for Summary Judgment

CEO and founder of Yuanbang, will not be working as a manager or executive in the U.S. is contrary to the statute and regulations, represents a departure from established guidance and precedent, and constitutes an abuse of discretion.

### A.   *The Employment-Based Immigration Process*

The employment-based immigration process involves two steps.

In the first step, the employer files an I-140 immigrant visa petition on behalf of a noncitizen with the USCIS. There are several different employment-based immigrant visa categories. 8 U.S.C. § 1153(b). Relevant to this case, an employer may sponsor a multinational manager or executive. 8 U.S.C. § 1153(b)(1)(C). In the second step, if the I-140 petition is approved and an immigrant visa is available, the beneficiary can apply for lawful permanent resident status.

A noncitizen qualifies as a multinational manager or executive if he "in the 3 years preceding the time of the alien's application for classification and admission into the United States under this subparagraph, has been employed for at least 1 year by a firm or

*A & T Financial Svcs. v. USCIS*                    10
Mem. of Law in Support
of Plaintiffs' Motion for Summary Judgment

corporation or other legal entity or an affiliate or subsidiary thereof and the alien seeks to enter the United States in order to continue to render services to the same employer or to a subsidiary or affiliate thereof in a capacity that is managerial or executive."

"Executive capacity" is an assignment within an organization in which the employee primarily:

(A) Directs the management of the organization or a major component or function of the organization;

(B) Establishes the goals and policies of the organization, component, or function;

(C) Exercises wide latitude in discretionary decisionmaking; and

(D) Receives only general supervision or direction from higher level executives, the board of directors, or stockholders of the organization.

8 C.F.R. § 204.5(j)(2).

"Managerial capacity" is an assignment within an organization in which the employee primarily:

*A & T Financial Svcs. v. USCIS*          11
Mem. of Law in Support
of Plaintiffs' Motion for Summary Judgment

(A) Manages the organization, or a department, subdivision, function, or component of the organization;

(B) Supervises and controls the work of other supervisory, professional, or managerial employees, or manages an essential function within the organization, or a department or subdivision of the organization;

(C) If another employee or other employees are directly supervised, has the authority to hire and fire or recommend those as well as other personnel actions (such as promotion and leave authorization), or, if no other employee is directly supervised, functions at a senior level within the organizational hierarchy or with respect to the function managed; and

(D) Exercises direction over the day-to-day operations of the activity or function for which the employee has authority.

8 C.F.R. § 204.5(j)(2).

A "subsidiary" is a "firm, corporation, or other legal entity of which a parent owns, directly or indirectly, more than half of the entity

*A & T Financial Svcs. v. USCIS*                    12
Mem. of Law in Support
of Plaintiffs' Motion for Summary Judgment

and controls the entity; or owns, directly or indirectly, half of the entity and controls the entity; or owns, directly or indirectly, 50 percent of a 50-50 joint venture and has equal control and veto power over the entity; or owns, directly or indirectly, less than half of the entity, but in fact controls the entity." 8 C.F.R. § 204.5(j)(2).

An "affiliate" is, among other things, "[o]ne of two subsidiaries both of which are owned and controlled by the same parent or individual," or "[o]ne of two legal entities owned and controlled by the same group of individuals, each individual owning and controlling approximately the same share or proportion of each entity." 8 C.F.R. § 204.5(j)(2).

The employer must establish that the beneficiary of the I-140 petition has, in the three years preceding the filing of the petition, worked in a managerial or executive capacity outside the U.S. for at least one year for the firm or for its affiliate, parent, or subsidiary. 8 C.F.R. § 204.5(j)(3)(i)(A). The employer must also establish that the U.S. employer is the same employer or a subsidiary, parent, or affiliate of the foreign employer. 8 C.F.R. § 204.5(j)(3)(i)(C). The U.S. employer must

*A & T Financial Svcs. v. USCIS*          13
Mem. of Law in Support
of Plaintiffs' Motion for Summary Judgment

have been doing business for at least one year. 8 C.F.R. § 204.5(j)(3)(i)(D). While the employer does not have to obtain a labor certification, it must provide a letter describing the prospective duties of the I-140 beneficiary and stating that it will employ him in a managerial or executive capacity. 8 C.F.R. § 204.5(j)(5).

If the USCIS denies an I-140 petition, the employer can appeal that decision to the AAO.  8 C.F.R. § 204.5(n)(2).

**B.    *The Preponderance of the Evidence Standard Applies in Visa Petition Proceedings***

The preponderance of the evidence standard applies to USCIS and AAO review of I-140 petitions. *Matter of Martinez*, 21 I&N Dec. 1035, 1036 (BIA 1997). This is the lowest standard of proof and is met when the trier of facts determines "that the existence of a fact is more probable than its nonexistence." *Siddiqui v. Holder*, 670 F.3d 736, 741-45 (7th Cir. 2012) *quoting Concrete Pipe & Prods. of Cal. Inc. v. Constr. Laborers Pension Trust for So. Cal.*, 508 U.S. 602, 622 (1993). If the evidence is "sufficiently reliable and sufficiently probative to demonstrate the truth of the asserted proposition with the requisite

*A & T Financial Svcs. v. USCIS*                    14
Mem. of Law in Support
of Plaintiffs' Motion for Summary Judgment

degree of certainty," then the petitioner has met his or her burden. *Concrete Pipe*, 508 U.S. at 602.

The petitioner need only show that his or her claim is "probably true." *Matter of E-M-*, 20 I&N Dec. 77, 79-80 (Comm'r 1989). Even if the adjudicator has some doubt as to the truth of the claim, the petitioner has satisfied his or her burden of proof through the submission or relevant, probative, and credible evidence that "leads the [adjudicator] to believe that the claims is 'more likely than not' or 'probably' true." *Matter of Chawathe*, 25 I&N Dec. 369, 376 (AAO 2010) *quoting INS v. Cardoza-Fonseca*, 480 U.S. 421, 431 (1987).

The preponderance of the evidence standard in immigration proceedings is the same standard that the federal courts use. Under this standard, the petitioner does not have to prove that something is conclusively true or true beyond a reasonable doubt. Rather, the petitioner only has to prove that something is more likely than not, or that there is a slightly greater than 50% chance of something being true. *Cardoza-Fonseca*, 480 U.S. at 431.

*A & T Financial Svcs. v. USCIS*                    15
Mem. of Law in Support
of Plaintiffs' Motion for Summary Judgment

## C.   Standard of Review

The APA directs courts to set aside agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law" or that exceeds the agency's "statutory jurisdiction, authority, or limitations," or that is "unsupported by substantial evidence."  5 U.S.C. §§ 706(2)(A), (C), (E).  A decision is arbitrary or capricious "if the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise."  *Motor Vehicle Mfrs. Ass'n of the U.S. v. State Farm Mut. Auto. Ins. Co.,* 463 U.S. 29, 43 (1983).

Judicial review is focused on the administrative record. The Court is limited to reviewing the findings of fact and conclusions of law contained in the agency's decision and it cannot be defended on grounds different from those stated in the decision itself.  *SEC v. Chenery Corp.,*

*A & T Financial Svcs. v. USCIS*                16
Mem. of Law in Support
of Plaintiffs' Motion for Summary Judgment

332 U.S. 194, 196-97 (1947); *see also Altamirano v. Gonzales*, 427 F.3d 586, 595 (9th Cir. 2005).

Unpublished nonprecedential agency decisions receive *Skidmore*, not *Chevron*, deference. *See Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944); *see also Chevron USA Inc. v. National Resources Defense Council*, 467 U.S. 837 (1984); *Annachamy v. Holder*, 733 F.3d 254, 258 (9th Cir. 2013). Under this standard, the "weight [accorded to an administrative] judgment in a particular case will depend upon the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it the power to persuade, if lacking power to control." *United States v. Mead Corp.*, 533 U.S. 218, 228 (2001). Unpublished USCIS and AAO decisions are not binding on the agency or parties. 8 C.F.R. §§ 103.3(c) and .10(b)

### D.   *Mr. Chen was Employed as a Manager or Executive Abroad for Yuanbang for at Least One Year in the Preceding Three Years*

The AAO held that Mr. Chen satisfied this requirement for approval of the I-140 petition. (AAO appeal denial, AR 78).

*A & T Financial Svcs. v. USCIS*                    17
Mem. of Law in Support
of Plaintiffs' Motion for Summary Judgment

The record contains considerable evidence of Mr. Chen's work experience and job duties for Yuanbang. (Resume, AR 594). He founded Yuanbang in 1998 and has served as its executive chairman since December 2006. Official corporate documents identify Mr. Chen as the executive chairman who oversees a large construction and development company and to whom senior managers and executives report. (Yuanbang 2011 Corporate Profile, AR 377-387).

### E.   *A & T Financial Services has a Qualifying Relationship with Yuanbang*

A & T Financial Services proved, by the required preponderance of the evidence, that it has a qualifying relationship with Yuanbang. The AAO and USCIS abused its discretion in denying the I-140 petition on this basis, the denial is arbitrary and capricious, and it is contrary to the regulations and agency guidance.

To establish a qualifying relationship, the U.S. company (A & T) must show that it is the same company as the foreign company (Yuanbang), or that it is a subsidiary or affiliate. 8 U.S.C. § 1153(b)(1)(C); 8 C.F.R. § 204.5(j)(3)(i)(C). A subsidiary relationship exists if the parent owns, directly or indirectly, more than half of the

*A & T Financial Svcs. v. USCIS*          18
Mem. of Law in Support
of Plaintiffs' Motion for Summary Judgment

entity and controls the entity. 8 C.F.R. § 204.5(j)(2). This qualifying

relationship has to exist when the I-140 petition is filed but it did not

have to exist during the beneficiary's qualifying employment abroad.

Adjudicator's Field Manual (AFM) ch. 22.2(i)(3)(A).[3]

A & T's Articles of Incorporation authorize it to issue up to one

million shares of stock. (Articles of Incorporation, AR 222). Before its

purchase by Yuanbang, A & T had issued a total of 10,000 shares.

(Stock Certificates, AR 158-161; Board minutes, February 5, 2012, AR

153-154). On February 15, 2012, Mr. Chen purchased 80,000 shares of

stock on behalf of Yuanbang at the price of $800,000. (Stock Certificate,

AR 162; Board Minutes, February 15, 2012, AR 153-154; Board

Minutes, February 20, 2012, AR 155-156). On March 26, 2012, Mr.

Chen transferred these shares to Yuanbang. (Stock Certificate, AR 24;

Board Minutes, March 26, 2012, AR 271-272; Asset Acquisition

Statement, AR 41).

---

[3] Chapter 22.2 of the AFM can be found here:
http://www.uscis.gov/iframe/ilink/docView/AFM/HTML/AFM/0-0-0-1.html (last visited December 19, 2014). The AFM does not have the
force of law. *See Matter of Guzman Gomez*, 24 I&N Dec. 824, 829 (BIA
2009).

*A & T Financial Svcs. v. USCIS*                        19
Mem. of Law in Support
of Plaintiffs' Motion for Summary Judgment

Yuanbang's 80 percent ownership of A & T is further reflected in the company's 2012 tax return. (2012 tax return, AR 26-41). Yuanbang was issued form Schedule K-1 reflecting its ownership percentage. (Yuanbang K-1, AR 30).

In denying the I-140 petition, the AAO misstated the evidence that was submitted. It did not realize that A & T issued two stock certificates-that it first issued one to Mr. Chen when he bought 80,000 shares on behalf of Yuanbang (AR 162) and then a second certificate recognizing the transfer of those shares directly to Yuanbang (AR 24). (AAO motion denial, AR 4). The stock certificate for Yuanbang was submitted with the motion to reopen and reconsider but the AAO failed to recognize that it was new evidence. This contributed to the denial of the motion. (AAO motion denial, AR 4-5).

Further, the AAO abused its discretion by focusing on ownership percentages that predate Yuanbang's purchase of a controlling interest in A & T in February 2012. (AAO motion denial, AR 4-5). Nolan Chan and Eunjin Chang each owned 50 percent of A & T in 2009 and 2010. (K-1 Schedules, AR 286, 288, 314, 316). On July 12, 2011, the company

*A & T Financial Svcs. v. USCIS*                    20
Mem. of Law in Support
of Plaintiffs' Motion for Summary Judgment

issued additional stock to Sze-Man Wong and JieFan Zhu, giving each of them five percent ownership. (Stock Ledger, AR 270; Stock certificates, AR 158-161).

In denying A & T's I-140 petition on this basis, the USCIS and AAO ignored or misapplied the preponderance of the evidence standard. In the face of contemporaneously-prepared and clear evidence of Yuanbang's purchase of a controlling stake in A & T, the USCIS erroneously relied on immaterial inconsistencies in corporate documents that predate the purchase. The existence of the qualifying relationship is more probable than its nonexistence. *Concrete Pipe*, 508 U.S. at 622. A & T met its burden of proving that this claim is "probably true." *E-M-*, 20 I&N Dec. at 79-80.

### F.   *Mr. Chen will Work as a Manager or Executive in the U.S.*

A & T proved by a preponderance of the evidence that Mr. Chen is coming to the U.S. to work "primarily" as a manager or executive. 8 U.S.C. §§ 1101(a)(44)(A) and (B); 8 C.F.R. § 204.5(j)(2).

Mr. Chen, who has 20 years of experience of founding and managing large companies, is coming to the U.S. to manage and direct

*A & T Financial Svcs. v. USCIS*                    21
Mem. of Law in Support
of Plaintiffs' Motion for Summary Judgment

A & T; to develop the company's strategy for growth; to supervise the work of other supervisory, professional, and managerial employees; to hire, fire, and promote staff; and to oversee the day-to-day operations of the company. His specific duties are found in the company letter at AR 65-66). The regulations provide that the company letter is the means by which the petitioner establishes the beneficiary's intended job duties. 8 C.F.R. § 204.5(j)(5).

In speculating that Mr. Chen would not primarily perform in an executive or managerial capacity, the AAO relied on A & T's size in the past and not on the company's plans for the future. (AAO motion denial, AR 5-6). Yuanbang purchased A & T as a means to expand its successful Chinese business into the U.S. (Company Letter, AR 42). Through the stock purchase, it infused A & T with $800,000 in cash to increase its operations, higher additional employees, and expand its marketing efforts. *Id.*

A & T provided a detailed business plan (AR 48-63), which shows that it will triple its work force and increase its compensation. (Business plan, AR 49). It will tap into a growing market of Asian

*A & T Financial Svcs. v. USCIS*                22
Mem. of Law in Support
of Plaintiffs' Motion for Summary Judgment

immigrants who will pay $3,000 to $10,000 per month for specialized services to help them and their families adapt to life in the U.S. *Id.* This front line work is carried out by staff. (Business plan, AR 50).

To realize the goal of doubling its revenues within three years, A & T sought the services of Mr. Chen, an experienced executive who has overseen similar growth of Yuanbang. A & T's plans hinge on the ability of it to bring Mr. Chen in to oversee Yuanbang's investment and direct the company forward.

The AAO and USCIS abused its discretion and acted arbitrarily and capriciously in concluding that an executive of Mr. Chen's statute and experience will not perform similar duties in the U.S.

## III.   The AAO Abused its Discretion in Denying the Motion to Reopen

A & T was ill-served by its former counsel. This attorney did not submit a brief to the AAO in support of the appeal. (AAO appeal denial, AR 74). As a result, readily available that A & T wanted to present, including the stock transfer to Yuanbang, the 2012 tax return, Mr. Chen's resume, and a more detailed list of duties, was not presented. A

*A & T Financial Svcs. v. USCIS*          23
Mem. of Law in Support
of Plaintiffs' Motion for Summary Judgment

& T therefore filed a bar complaint against prior counsel and supported this with its statement. (Bar complaint, AR 21-24).

The AAO has recognized that ineffective assistance of counsel can provide a basis for reopening visa petition proceedings. (AAO motion denial, AR 4). Consistent with *Matter of Lozada*, 19 &N Dec. 637 (BIA 1988) and controlling Ninth Circuit law permitting substantial compliance with the *Lozada* requirements[4], A & T filed a bar complaint, submitted a statement, and provided the evidence that it would have submitted to the AAO but for prior counsel's mistakes.

The remedy that A & T was seeking was the reopening of its I-140 petition for consideration of all of the relevant evidence so that the decision is based on the complete picture. By denying A & T's motion to reopen on this basis, the AAO turned a blind eye to the circumstances of the company's relationship with Yuanbang and Mr. Chen's intended job duties in the U.S.

---

[4] *Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 824-28 (9th Cir. 2003).

*A & T Financial Svcs. v. USCIS*                    24
Mem. of Law in Support
of Plaintiffs' Motion for Summary Judgment

## CONCLUSION

For the reasons set forth in this Motion and the Complaint, and in the interests of justice, A & T Financial Services and Jianfeng Chen respectfully requests that the Court reverse the decision of the U.S. Citizenship and Immigration Services and approve the I-140 petition or remand for reconsideration by the agency.

Dated this 19th day of December 2014.

*/s/ Russell Reid Abrutyn*
RUSSELL REID ABRUTYN (P63968)
Marshal E. Hyman & Associates
3250 W. Big Beaver, Suite 529
Troy, Michigan 48084
(248) 643-0642
rabrutyn@marshalhyman.com

*A & T Financial Svcs. v. USCIS*                    25
Mem. of Law in Support
of Plaintiffs' Motion for Summary Judgment

## CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2014, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:

Genevieve Kelly

I further certify that I have mailed by U.S. mail the paper to the following non-ECF participants:

n/a

*/s/ Russell Reid Abrutyn*
RUSSELL REID ABRUTYN (P63968)
Marshal E. Hyman & Associates
3250 W. Big Beaver, Suite 529
Troy, Michigan 48084
(248) 643-0642
rabrutyn@marshalhyman.com

*A & T Financial Svcs. v. USCIS*                    26
Mem. of Law in Support
of Plaintiffs' Motion for Summary Judgment